# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

UNITED STATES OF AMERICA

VS.                                                                                   No. 2:21-cr-002-DPM-1

MIGUEL GUERRERO

## REPORT AND RECOMMENDATION

**I.     Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.    Findings of Fact**

On March 21, 2023, Defendant Miguel Guerrero appeared with his lawyer, Molly Sullivan, to enter a plea of guilty to the offense of Possession of a Prohibited Object by a Federal Prison Inmate, in violation of Title 18 U.S.C. Sections

1791(a)(2) and 1791(b)(1), as charged in Count III of the Indictment.[1] Mr. Guerrero consented to having a magistrate judge preside over the change-of-plea hearing with the concurrence of his lawyer.[2] Assistant United States Attorney Edward Walker, appearing on behalf of the government, also consented.

At the hearing, Mr. Guerrero acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in the Indictment, the sentencing guidelines, the possible penalties he faces, and the terms of the parties' plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).[3] Mr. Guerrero affirmed his satisfaction with Ms. Sullivan's representation and work on his behalf in this case.

Before entering his guilty plea, Mr. Guerrero acknowledged the possible criminal penalties that will result from his guilty plea, specifically: a prison sentence of not more than 20 years (to run consecutively with the prison term he is currently serving); a fine of not more than $250,000; a term of supervised release not to exceed 3 years; and a special penalty assessment of $100. Mr. Guerrero

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 24.*

[2] *Doc. 28.*

[3] *Docs. 29, 30.*

acknowledged that the sentence to be imposed is solely Chief Judge Marshall's decision, notwithstanding the parties' plea agreement.

At the hearing, Mr. Guerrero expressed his understanding that, by pleading guilty to Count III of the Indictment and entering into the parties' plea agreement, he is giving up many of his constitutional and other federally protected rights, including: the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him at a trial; and the right to appeal his conviction and sentence in almost all circumstances.

Mr. Guerrero confirmed that he is pleading guilty to the crime of Possession of a Prohibited Object by a Federal Prison Inmate, in violation of Title 18 U.S.C. Sections 1791(a)(2) and 1791(b)(1), because he is actually guilty of that crime. Specifically, he admitted that, on August 1, 2019, while an inmate in the Forrest City Federal Correctional Complex, he knowingly possessed methamphetamine, which is a prohibited object (substance) under Title 18 U.S.C. Section 1791(d)(1).

Ms. Sullivan concurred in Mr. Guerrero's decision to plead guilty. She further stated her opinion that Mr. Guerrero is fully competent to enter a guilty plea and that his decision to plead guilty is made voluntarily, with full knowledge of the consequences.

Considering Mr. Guerrero's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Guerrero's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Possession of a Prohibited Object by a Federal Prison Inmate, a violation of Title 18 U.S.C. Sections 1791(a)(2) and 1791(b)(1), as charged in the Indictment.

I also find the parties' plea agreement to be a fair, reasonable resolution to this case. The evidence against Mr. Guerrero is strong; and the Government has agreed to dismiss Counts I, II, and IV of the Indictment.

### III. Recommendations

Based on the record in this case and all attendant circumstances, I recommend that Chief Judge Marshall accept this Defendant's guilty plea to the crime of Possession of a Prohibited Object by a Federal Prison Inmate, in violation of Title 18 U.S.C. Sections 1791(a)(2) and 1791(b)(1), and adjudge Defendant Miguel Guerrero guilty of that offense.

I further recommend that Chief Judge Marshall accept the parties' plea agreement as a reasonable, just resolution to this case; and dismiss Counts I, II, and IV of the Indictment upon acceptance of the guilty plea, pursuant to the parties' plea agreement.

DATED this 22nd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE